IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JAMES ROGERS and ANDREW DITMORE *Plaintiffs* | § § § § § | |
| v. | § § | CIVIL ACTION NO. 6:21cv894 |
| GSB TRANSPORT, INC. and GURPREET SINGH BHOGAL *Defendants* | § § § § | |

**PLAINTIFFS'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, JAMES ROGERS and ANDREW DITMORE, (hereinafter referred to as "PLAINTIFFSS"), and files this their Original Complaint complaining of GSB TRANSPORT, INC. (hereinafter referred to as "Defendant") and GURPREET SINGH BHOGAL (hereinafter referred to as "DEFENDANT"), and for cause of action would respectfully show unto the Court as follows:

## I.
## JURISDICTION AND VENUE

1. This Court possesses jurisdiction in this case pursuant to 28 U.S.C. §1332(c) (1), based upon the complete diversity of citizenship between the parties, as well as 28 U.S.C. §1332 based upon diversity of jurisdiction and the amount in controversy exceeding $75,000.00, exclusive of interest and costs. The Plaintiffs are citizens of the State of Texas. The Defendant, GSB TRANSPORT, INC. is a foreign corporation, organized and formed in the State of Virginia, is not a citizen of Texas and its principle place of business is in the

State of Virginia. Defendant, GURPREET SINGH BHOGAL, is a citizen of the State of Virginia, therefore is not a citizen of the State of Texas.

2.  Venue is proper in the United States District Court for the Eastern District of Texas pursuant to 28 U.S.C. §1391(a), since a substantial part of the events giving rise to this cause of action occurred within this judicial district.

## II.
## PARTIES

3.  The Plaintiffs are residents of Tarrant County, Texas.

4.  The Defendant, GSB TRANSPORT, INC. is a foreign corporation organized and existing under the laws of Virginia and its principle place of business is in the state of Virginia and it is not a citizen of the State of Texas, and is doing business in the State of Texas, and may be served with process by serving them pursuant to the Texas Long Arm Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to Defendant's Chief Executive Officer, Gurpreet S. Bhogal at 13034 Shenvale Circle, Bristow, Virginia 20136 by certified mail, return receipt requested.

5.  Defendant, GURPREET SINGH BHOGAL, is an individual residing at 13034 Shenvale Circle, Bristow, Virginia 20136, therefore, at all times material hereto, was and is a citizen in the state of Virginia. The Defendant GURPREET SINGH BHOGAL at all material times hereto, was and is doing business in the State of Texas as those terms are defined pursuant to §17.041 et sec. of the Tex. Civ. Prac. & Rem. Code. Defendant, GURPREET SINGH BHOGAL, may be served with process by serving him pursuant to the Texas Long Arm

Statute §17.044 and §17.045 by serving the Secretary of State of the State of Texas via certified mail, return receipt requested and with instructions that the Secretary of State of the State of Texas shall then forward a duplicate copy of process and the suit papers to GURPREET SINGH BHOGAL, 13034 Shenvale Circle, Bristow, Virginia 20136 via certified mail, return receipt requested.

## III.
## FACTUAL ALLEGATIONS

6. On or about April 25, 2021, Plaintiff, JAMES ROGERS, was operating a 2004 Toyota Avalon bearing VIN # 4T1BF28B54U339730 and bearing License Plate # TX NNS7085 in a safe and prudent manner traveling Southbound on Interstate Highway 35 when suddenly and without warning a truck tractor and semi trailer operated by the Defendant, GURPREET SINGH BHOGAL, made an unsafe lane change and failed to yield the right of way to Plaintiff's vehicle striking Plaintiff's vehicle. At the time of the collision in question, the Defendant, GURPREET SINGH BHOGAL, was traveling Southbound on the Interstate Highway 35. At the time of the collision in question, the Defendant, GURPREET SINGH BHOGAL, was driving with permission, in the course and scope of his employment with his employer, Defendant, GSB TRANSPORT, INC., a 2017 Volvo Tractor Trailer bearing VIN # 4V4NC9EJ7HN972846 and towing a 2017 Utility Trailer bearing VIN # 1UYVS2531H6039124. Due to the acts of the Defendant driver, including but not limited to, making an unsafe lane change, driver inattention, failure to yield the right of way, failure to control his speed, and failure to maintain a proper lookout, Defendant, GURPREET SINGH BHOGAL, caused the vehicle he was operating to collide with the vehicle Plaintiff was operating. At the time of the accident made the basis of this lawsuit, ANDREW DITMORE

was a passenger in the vehicle that JAMES ROGERS was operating. As a result of the collision in question, Plaintiffs sustained severe permanent and disabling injuries.

7. At all times relevant to this lawsuit, Defendant, GURPREET SINGH BHOGAL, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

8. At all times relevant to this lawsuit, Defendant, GSB TRANSPORT, INC., was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399.

9. At all times relevant to this lawsuit, Defendant, GSB TRANSPORT, INC., was a "motor carrier" as defined by 49 U.S.C. §13102(14).

10. At all times relevant to this lawsuit, Defendant, GSB TRANSPORT, INC., was an "employer" as defined by 49 C.F.R. §390.5.

11. At all times relevant to this lawsuit, Defendant, GURPREET SINGH BHOGAL, was an "employee" of Defendant, GSB TRANSPORT, INC., as per 49 C.F.R. §390.5.

12. Further, at the time the accident made the basis of this lawsuit and at all times material hereto, Defendant, GURPREET SINGH BHOGAL, was an employee of Defendant, GSB TRANSPORT, INC., and operating a commercial motor vehicle on behalf of Defendant, GSB TRANSPORT, INC., under and by the authority of Defendant, GSB TRANSPORT, INC., pursuant to Defendant, GSB TRANSPORT, INC.'s, Federal DOT Number 02913477.

## IV.
## CAUSE OF ACTION: DEFENDANT GURPREET SINGH BHOGAL

13. Plaintiffs incorporate by reference paragraphs 1 through 12 above.

14. Plaintiffs alleges that Defendant, GURPREET SINGH BHOGAL, through his acts and omissions, was negligent, and such negligence was a proximate cause of the injuries in

questions. Plaintiffs's resulting injuries and damages were proximately caused by one or more of the following acts and/or omissions of negligence on the part of Defendant:

 a. In negligently operating the vehicle in question;

 b. In failing to maintain a proper lookout;

 c. In failing to apply his brakes as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

 d. In attempting to enter the roadway when it was unsafe to do so;

 e. In traveling at an excessive rate of speed as would have been done by a person exercising ordinary care and prudence under the same or similar circumstances;

 f. In failing to control the speed of his vehicle.

 g. In engaging in conduct that was distracting;

 h. In failing to yield the right-of-way to Plaintiffs' vehicle;

 i. In running into Plaintiffs with the vehicle in question;

 j. Defendant was negligent in other respects.

15. Defendant, GURPREET SINGH BHOGAL'S acts and/or omissions also breached a legislatively imposed standard of conduct, and thus constituted negligence per se. In this regard, Defendant, GURPREET SINGH BHOGAL, violated the standards of conduct set forth in Tex. Trans. Code §545.351 (b)(1), 545.155, 545.256, 545.402, 545.153, and 49 C.F.R. §392.2. Plaintiffs further states that the Defendant, GURPREET SINGH BHOGAL's acts and/or omissions which constituted negligence per se was a proximate cause of the accident and the injuries in question.

## V.
## CAUSE OF ACTION: DEFENDANT GSB TRANSPORT, INC.

16. Plaintiffs incorporates by reference paragraphs 1 through 15 above.

17. Plaintiffs would further show that at the time of the accident made the basis of this lawsuit, Defendant, GURPREET SINGH BHOGAL, was an employee of Defendant, GSB TRANSPORT, INC. and acting within the course and scope of his employment for Defendant, GSB TRANSPORT, INC. and in the furtherance of the business interest and pursuits of said Defendant. In this regard, Plaintiffs hereby invoke the Doctrine of Respondent Superior and therefore alleges and contends that each negligent act/or omission on the part of Defendant, GSB TRANSPORT, INC. is imputed to Defendant, GURPREET SINGH BHOGAL and Defendant, GSB TRANSPORT, INC., is vicariously liable for all negligent and grossly negligent acts and/or omissions alleged herein to have been perpetrated by its employee driver.

18. Plaintiffs would further show that at the time the accident made the basis of this lawsuit occurred, Defendant, GURPREET SINGH BHOGAL, was, and is considered a statutory employee of Defendant, GSB TRANSPORT, INC., pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5 and contends that Defendant, GSB TRANSPORT, INC. is vicariously liable for all negligent and grossly negligent acts and/or omission of its employee driver.

## VI.
## PERMISSIVE USE

19. Plaintiffs would further show that prior to the time the collision occurred, Defendant, GSB TRANSPORT, INC. was the owner and was in possession, custody and control of the truck tractor driven by Defendant, GURPREET SINGH BHOGAL, on the date of

the accident made the basis of this lawsuit. On or about April 25, 2021, Defendant, GSB TRANSPORT, INC. directed Defendant GURPREET SINGH BHOGAL, to use the vehicle in question for the purposes of operating it on the public streets and highways of Texas and, therefore, Defendant, GURPREET SINGH BHOGAL, operated said vehicle with the knowledge, consent and permission of Defendant, GSB TRANSPORT, INC.

## VII.
## NEGLIGENT AND GROSS NEGLIGENT ENTRUSTMENT

20. Plaintiffs would further show that Defendant, GSB TRANSPORT, INC., was the owner of the vehicle that was being driven by Defendant, GURPREET SINGH BHOGAL, at the time of the accident made the basis of this lawsuit. Defendant, GSB TRANSPORT, INC., was negligent in entrusting the vehicle to Defendant, GURPREET SINGH BHOGAL, who was a careless, incompetent and reckless driver. Defendant, GSB TRANSPORT, INC. knew or should have known that Defendant, GURPREET SINGH BHOGAL, was a careless, incompetent and reckless driver. Defendant, GSB TRANSPORT, INC. was negligent in entrusting the vehicle to its employee, Defendant, GURPREET SINGH BHOGAL, which in turn was a proximate cause of the collision and the accident made the basis of this lawsuit and the resulting injuries and damages to Plaintiffs.

## VIII.
## NEGLIGENT AND GROSS NEGLIGENT
## HIRING, RETENTION, TRAINING AND CONTROL

21. Plaintiffs further alleges that Defendant, GSB TRANSPORT, INC. through its acts and/or omissions, was negligent, and such negligence was a proximate cause of the accident and injuries in question. Plaintiffs' resulting injuries and damages were proximately caused by one or more of the following acts of negligence on the part of Defendant, GSB TRANSPORT, INC.:

a. In hiring and/or retaining its employee driver;

b. In allowing its employee to drive the vehicle in question; and

c. In failing to instruct, supervise, and control its employee driver.

## IX.
## MALICE

22. Plaintiffs further alleges that Defendant, GSB TRANSPORT, INC. by and through its acts and/or omissions, and of its employee driver as set out and plead for above and below, exceeded the test for negligence and committed acts and/or omissions of gross negligence that amounted to more than momentary thoughtlessness, inadvertence or error of judgment. Plaintiffs alleges that said acts and/or omissions amounted to such an entire want of care as to establish that the act or omission was the result of actual conscious indifference to the rights, safety or welfare of Plaintiffs. Plaintiffs further alleges that the Defendants' acts and/or omission of gross negligence created an extreme degree of risk to Plaintiffs. Plaintiffs further alleges that the Defendants' acts and/or omissions of gross negligence, when viewed objectively from the standpoint of the Defendants at the time of its occurrence, involved an extreme degree of risk considering the probability and magnitude of potential harm to others, including Plaintiffs. Plaintiffs further alleges that the Defendants had actual subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety and welfare of Plaintiffs. In this regard, Plaintiffs therefore seeks punitive and/or exemplary damages.

## X.
## DAMAGES

23. Plaintiff, JAMES ROGERS, damages include past, and probable future loss, which includes:

a. Pain and mental anguish;

   b. Physical and mental impairment

   c. Disfigurement;

   d. Loss of Wages;

   e. Loss of Wage Earning Capacity; and

   f. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

24. Plaintiff, ANDREW DITMORE, damages include past, and probable future loss, which includes:

   g. Pain and mental anguish;

   h. Physical and mental impairment

   i. Disfigurement;

   j. Loss of Wages;

   k. Loss of Wage Earning Capacity; and

   l. Necessary medical, psychological, psychiatric, therapeutic, pharmaceutical, and hospital care, including rehabilitative services and devices.

25. Plaintiffs respectfully requests a trial by jury on all issues.

26. Plaintiffs seeks judgment against Defendants, jointly and severally, for their actual damages set forth above, punitive/exemplary damages together with pre-judgment and post-judgment interest at the legal rate, cost of court, and such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,
s/*Jimmy M. Negem, Sr.*
Jimmy M. Negem, Sr.
State Bar No. 14865500

Joe M. Worthington
State Bar No. 22009950
Jimmy M. Negem, Jr.
State Bar No. 24115371
Negem & Worthington
1828 ESE Loop 323, Suite R – 1A
Tyler, Texas 75701
903.595.4466 (telephone)
903.593.3266 (facsimile)
Jimmy@NegemLaw.com
**ATTORNEYS FOR PLAINTIFFS**



# Negem & Worthington
### ATTORNEYS AT LAW

JIMMY M. NEGEM, SR.
JOE M. WORTHINGTON
JIMMY M. NEGEM, JR.

1828 ESE LOOP 323, SUITE R-1A
TYLER, TEXAS 75701

PHONE 903-595-4466
FAX 903-593-3266
www.negemlaw.com

August 20, 2021

**RECEIVED**
AUG 27 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**_Via Federal Express_**
U. S. District Clerk's Office
800 Franklin Ave Suite 304
Waco, TX 76701

Re: *James Rogers and Andrew Ditmore v. GSB Transport, Inc. and Gurpreet Singh Bhogal*

Please find attached hereto the original and three (3) copies of Plaintiff's Original Complaint to be filed regarding the above referenced matter. I have also enclosed our firm check in the amount of $402.00 for the filing fee.

I have enclosed herewith a self addressed stamped envelope for your convenience in returning the copies back to me.

Thank you for your cooperation and assistance. If you have any questions or comments, please do not hesitate to contact me.

Sincerely yours,

*Rachel Ferguson*

Rachel Ferguson
Legal Assistant to Jimmy M. Negem

/rf
Enclosures



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.